IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM L. MITCHELL | PLAINTIFF |
| v. | Civil Action No. 1:08cv91HSO-JMR |
| UNITED STATES OF AMERICA by and through its Agency The Federal Emergency Management Agency, BECHTEL NATIONAL, INC., HENSLEY R. LEE CONTRACTING, INC., MOTEX-CYTECH, T.L WALLACE CONSTRUCTION, INC., JOHN DOES 1-5 | DEFENDANTS |

### MEMORANDUM OPINION AND ORDER GRANTING FEDERAL DEFENDANT'S MOTION TO DISMISS, DENYING DEFENDANT BECHTEL'S MOTION TO STRIKE FEDERAL DEFENDANT'S REBUTTAL, AND DENYING AS MOOT FEDERAL DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS

BEFORE THE COURT is the Motion [34] of Defendant United States of America, by and through its agency the Federal Emergency Management Agency ("FEMA" or "the Government"), to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), filed on October 16, 2008. Defendant Bechtel National, Inc. ("Bechtel"), filed an Opposition [71],[1] and the Government filed a Rebuttal. Bechtel filed a Motion [81] to Strike the Government's Rebuttal, and the Government filed a Response [85] to Bechtel's Motion to Strike. On May 19, 2009, the Government filed a

---

[1]Plaintiff filed a Motion [72] for Joinder to Bechtel's Opposition, which was terminated by the Clerk of Court for improper filing. Plaintiff was directed by the Clerk of Court to re-file his submission as a Joinder rather than as a Motion for Joinder. To date, Plaintiff has not done so.

-1-

Supplemental Motion [84] to Dismiss seeking, as an alternative ground for relief, summary judgment pursuant to Rule 56. After consideration of the submissions, the record in this case, and the relevant legal authorities, the Court concludes that the Government is immune from suit pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. The Government's Motion to Dismiss should be granted, Bechtel's Motion to Strike should be denied, and the Government's Supplemental Motion to Dismiss should be denied as moot.

I. <u>FACTUAL AND PROCEDURAL HISTORY</u>

Plaintiff filed his Fourth Amended Complaint[2] [82] on or about May 18, 2009, alleging claims of negligence against the Government, Bechtel, Henley R. Lee Contracting, Inc., Motex-Cytech ("Motex"), T.L Wallace Construction, Inc. ("Wallace"), and John Does 1-5. Plaintiff alleges that on or about June 17, 2006, he suffered injuries when he fell as he was exiting his nephew's FEMA trailer. Plaintiff asserts that as "he stepped on the metal steps attached to the FEMA trailer, the steps shifted and moved causing the Plaintiff to slip and fall and sustain severe injuries." Pl.'s Fourth Am. Compl. ¶ X. Prior to Plaintiff's fall, Plaintiff's nephew, Monroe Mitchell, had purportedly complained to FEMA about the instability of the trailer steps and the manner in which the trailer had been installed. *See id.* ¶ XI. Plaintiff asserts that FEMA was negligent in that it did not: (1) respond to Monroe Mitchell's complaints

---

[2]At the time the Government filed its Motion [34] to Dismiss, Plaintiff had not yet amended his Complaint. Because the Fourth Amended Complaint is now the operative pleading, the Court will review Plaintiff's claims against the Government based on the most recent amendment.

prior to Plaintiff's fall; (2) inspect the trailer or trailer steps after receiving the complaints; (3) inspect and maintain the trailer or trailer steps after contracting to do so; or, (4) properly supervise and inspect the installation and setup of the trailer. *See* Pl.'s Fourth Am. Compl. ¶ XII.

Relying upon Rule 12(b)(1), the Government seeks dismissal of Plaintiff's claims against it on grounds that the Court lacks subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which exempts the United States from liability for the actions of contractors. Alternatively, the Government argues that summary judgment is proper.

Bechtel seeks to strike the Government's Rebuttal to its Motion to Dismiss on grounds that it raises issues of negligence for the first time. Because the question of the Government's negligence is placed directly in issue by Plaintiff's Fourth Amended Complaint, as well as by Bechtel's Opposition, the Court, as a threshold matter, denies Bechtel's Motion to Strike.

## II. DISCUSSION

### A. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). This challenge may take the form of either a facial or factual attack upon a plaintiff's complaint. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Where a facial attack is made, a court is required to "assess whether the Plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the Complaint as true." *Oaxaca v. Roscoe*, 641

F.2d 386, 391 (5th Cir. 1981). Where, however, the attack questions the asserted factual basis for jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson,* 645 F.2d at 413. In this instance, the court may consider "matters outside the pleadings, such as testimony and affidavits" and make its own determination of disputed factual issues. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

"If a district court is presented with a motion to dismiss with a motion for summary judgment in the alternative, the court's first inquiry must be whether subject matter jurisdiction exists before it can continue with a determination as to whether summary judgment should be granted or not." *Miller v. McElwee Brothers, Inc.*, No. 05-4239, 2007 WL 2284546, at *3 (E.D. La. Aug. 6, 2007) (*citing Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981)). The Fifth Circuit has noted "didactically that, as a general rule, whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction rather than dismissing by granting a motion for summary judgment." *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993). Because the Court finds that the United States has not waived its sovereign immunity here, dismissal pursuant to Rule 12(b)(1) is the appropriate vehicle.

B.    The Federal Tort Claims Act

Federal courts are without subject matter jurisdiction to hear suits against the United States unless there has been a waiver of sovereign immunity. *See United*

*States v. Sherwood,* 312 U.S. 584, 591 (1941). The FTCA, enacted by Congress in 1946, contains a limited waiver of this sovereign immunity. *See United States v. Orleans,* 425 U.S. 807, 813 (1976). It authorizes suits against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2672.

"Employee of the [United States] includes officers or employees of any federal agency." 28 U.S.C. § 2671. "'Federal agency'…does not include any contractor with the United States." *Id.* A claim that is not against an "employee" of the United States is not cognizable under the FTCA and must be dismissed. Section 2671 excludes "any contractor with the United States" from its purview. *See id.*

Bechtel asserts that the FTCA's independent contractor exception is inapplicable where, as here, Plaintiff has alleged claims of direct negligence, as opposed to vicarious liability, against the United States. Where, however, a plaintiff alleges claims of direct negligence against the United States, "the FTCA bars recovery for injury where the United States has delegated its authority to an independent contractor…" *Robbins v. Computer Sciences Corp.*, 486 F. Supp. 2d 581, 587 (S.D. Miss. 2007); *see also Irwin v. United States*, No. 2:06cv141, 2007 WL 2727253, at *3 (N.D. Miss. Sept. 12, 2007) (determining "whether the crux of the plaintiff's case [was] based on the direct negligence of a government employee, or whether it [was] a thinly veiled attempt to make an end-run around the independent contractor defense.").

*1. Independent Contractor Status*

"A critical element in distinguishing an agency from a contractor is the power of the [United States] to 'control the *detailed* physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 814 (1976) (emphasis added) (*quoting Logue v. United States*, 412 U.S. 521, 528 (1973)). The key "is not whether the...agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *Id.* at 815.

FEMA contracted with Bechtel, contract HSFEHQ-05-D-0572 ("the Contract"), to install travel trailers for qualified disaster applicants in the wake of Hurricane Katrina, which struck the Mississippi Gulf Coast on August 29, 2005. Pursuant to the Contract, Bechtel was responsible for installing and maintaining temporary housing units. *See* Contract, Sec. J, subsec 2.1.7, attached as Ex. "1-A" to Govt.'s Mot. Bechtel maintains that FEMA exercised sufficient control over its contracted activities such that it was an employee, and not an independent contractor, of the United States:

> FEMA ordered the installation of the individual trailers, set out where the installation was to be performed, set forth specific guidelines for the installation, and set out exactly what inspections and information were required before a trailer could be occupied.

Bechtel's Opp'n at p. 12; *see also* Contract, Sec. J., Ex. 7, attached as Ex. "1-A" to Govt.'s Mot.

It is undisputed that FEMA retained oversight to evaluate Bechtel's performance and for quality assurance purposes. *See* Bechtel's Opp'n at p. 11; *see also* Mem. in Support of Govt.'s Mot. at p. 6-7. However, "[i]f all the United States retains is the right to inspect progress, to provide advice on contract provision[s], and to order

-6-

work stopped for safety violations, this type of control does not impute liability on the United States...." *Robbins*, 486 F. Supp. 2d at 585 (*citing Alexander v. United States*, 605 F.2d 828, 831 (5th Cir. 1979)). Furthermore, "the government may 'fix specific and precise conditions to implement federal objectives' without becoming liable for an independent contractor's negligence." *Hsieh v. Consolidated Engineering Services, Inc.*, 569 F. Supp. 2d 159, 178 (D.D.C. 2008) (finding independent contractor status under the FTCA regardless of contract provisions proscribing specific checklists and procedures for the contractor to use in the actual physical performance of its duties) (*quoting Orleans*, 425 U.S. at 815).

It matters not that Bechtel was required to have an understanding of FEMA's mission, coordinate activities and information with FEMA, train its employees in accordance with FEMA's policies and procedures, and obtain written consent from FEMA prior to hiring subcontractors. *See, e.g., Hsieh*, 569 F. Supp. 2d at 177 (government interfacing does not transform an independent contractor to an employee under the FTCA). The Court disagrees that these requirements implicate the level of day-to-day control needed to vitiate the independent contractor exception.

Bechtel further contends that the terms of the Contract alone are not dispositive, and that further discovery is needed in order to resolve its status. Under the law of this Circuit, "[t]he party seeking discovery bears the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). This burden is typically met by "alleging 'specific facts crucial to immunity which demonstrate[ ] a need for discovery.'" *Id.* (*quoting Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d

841, 852 (5th Cir. 2000)).

In its Opposition, Bechtel asserts that additional discovery is needed on grounds that FEMA's actions subsequent to the execution of the Contract and during the period in question "may be relevant" to the determination of Bechtel's status. Because courts should not permit discovery to be open ended fishing expeditions, and based on the record here, the Court denies Bechtel's request for, among other things, lack of specificity. *See Lightell v. Exxon Corp*, 182 F.3d 914, at * 2 (5th Cir. 1999) (finding the district court did not abuse its discretion by denying the plaintiff's request for discovery to depose two witness who "might" have had information of relevant facts); *see also Axcess Broadcast Services, Inc. v. Donnini Films*, No. 3:04cv2639, 2006 WL 1042334, at * 2 (N.D. Tex. April 19, 2006) (finding counsel's "belief" that discovery would reveal necessary facts as pure speculation).

"Similarly, discovery may be limited when dilatorily sought." *Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1031 (5th Cir. 1983). At the time Bechtel requested further discovery in its Opposition, this case had been pending for nearly one year. Moreover, Bechtel was on notice for at least five months prior to filing its Opposition that the Government was seeking immunity pursuant to the FTCA independent contractor exception. Bechtel filed four Motions [37], [46], [50], [61] for Extensions of Time to file its Opposition in order to conduct the depositions of Plaintiff and Monroe Mitchell, Plaintiff's nephew. The Motions for Time indicated that Bechtel would be prejudiced in responding to the Government's Motion without first conducting these depositions. However, at no time did Bechtel make it known to the

Court that depositions of FEMA agents or officials, whose depositions they now say are "critical", were necessary to their Opposition. Nor did Bechtel attempt to notice the depositions of any FEMA agents or officials prior to responding to the Government's Motion.

The Government's Motion has been pending for nearly ten months, with a briefing period of nearly seven months. Bechtel has yet to notice the depositions of any FEMA agents or officials, or otherwise explain why it has not done so. The Court has not placed any limits on discovery in this case and there is no indication that the requested information has been inaccessible to Bechtel. Bechtel's request for further discovery must therefore be denied. *See id.; see also American Lease Plans, Inc. v. Silver Sand Co. of Leesburg, Inc.*, 637 F.2d 311, 318 (5th Cir. 1981).

Based upon the foregoing, the Court concludes that Bechtel was an independent contractor, as opposed to an employee, of the United States. The terms of the Contract do not support the conclusion that the Government supervised the day-to-day operations of Bechtel, and further jurisdictional discovery is not warranted under the circumstances present here.

*2. Delegation of Alleged Negligent Acts*

"Courts routinely hold that the United States cannot be sued where the alleged duty of care has been delegated to an independent contractor." *Hsieh v. Consolidated Engineering Services, Inc.*, 569 F. Supp. 2d 159, 176 (D.D.C. 2008); *see also Robbins v. Computer Sciences Corp.*, 486 F. Supp. 2d 581, 587 (S.D. Miss. 2007). As the Court appreciates Plaintiff's allegations in the Fourth Amended Complaint, he contends that

FEMA was negligent in supervising the installation of the FEMA trailer, in responding to Monroe Mitchell's complaints, and in inspecting and maintaining the FEMA trailer or its steps. The terms of the Contract clearly delegate the responsibility for responding to maintenance calls, as well as for installation, inspection, and repair of FEMA trailers, to Bechtel:

> 2.1.7 The contractor shall have the ability to support and perform all tasks. This includes but is not limited to: supporting staging area for units, installation of units, maintenance and upkeep, site inspections, site preparations, site restorations, group site design, group site construction, site assessments, property and facility management, and unit deactivation and removal.
>
> * * *
>
> The contractor at a minimum will:
>
> a) Provide maintenance services of units assigned by FEMA. This maintenance services contract includes performing monthly preventative maintenance inspections, responding to routine and emergency maintenance calls and making repairs as required for units assigned to the contractor and/or identified by FEMA.
>
> * * *
>
> g) Have resources (including staff) available or on-call for 24 hours a day, 7 days a week (24/7), to include having a toll-free number available within 48 hours upon contract award to report emergency (day and after-hours), and routine issues.

Contract, Sec. J, attached as Ex. "A" to Govt.'s Mot.; *Id*. at Sec. J., Ex. 10; *see also id*. at Sec. J., Ex. 7 (travel trailer installation included blocking and leveling, strapping and anchoring, and stair set-up, if required).

The depositions of both Plaintiff and Monroe Mitchell reinforce the delegation of these duties to contractors. Monroe Mitchell testified that he believed private contractors installed his FEMA trailer. *See* Monroe Mitchell Dep. at p. 69, attached as

-10-

Ex. "B" to Govt.'s Rebuttal. He also testified that FEMA provided him a maintenance telephone number for voicing complaints about his trailer, and that the company answering the number, as well as the crews performing maintenance repairs, were, he thought, contractors. *See id*. at p. 34, 65-66, 69-70, 74, attached as Ex. "B" to Govt.'s Rebuttal. When asked what FEMA did wrong, Plaintiff testified that "FEMA did a lot of good things, and it would be hard for [him] to say that [FEMA] did something wrong there when somebody else, they gave them a job to do [ ] and somebody else did it wrong." Pl.'s Dep. at p. 73, attached as Ex. "A" to Govt.'s Rebuttal. Though there is testimony that FEMA officials visited the site to inspect the travel trailer, the right of inspection to ensure compliance with federal standards is insufficient to impute negligence to the United States. *See United States v. Orleans*, 425 U.S. 807, 815 (1976).

Evidence has also been submitted that another independent contractor, Motex-Cytech, contracted with FEMA for maintenance and repair of travel trailers from June 1, 2006, until May 31, 2007. *See* United States' Responses to Plaintiff's First Set of Interrogatories, attached as Ex. "C" to the Govt's Rebuttal. Neither Plaintiff, nor Bechtel, nor Motex-Cytech, which was named a Defendant in Plaintiff's Third Amended Complaint filed February 11, 2009, has submitted sufficient contradictory evidence.[3] Based on the foregoing, the United States cannot be found negligent for

---

[3]Bechtel submitted a portion of the contract between the Government and Motex-Cytech. *See* United States' Responses to Requests for Production, attached as Ex. "B" to Bechtel's Opp'n. The terms of the Contract do not indicate that Motex-Cytech was an employee, rather than an independent contractor, of the Government. Moreover, the portion of the Contract providing a description of the

acts delegated to its independent contractors in this case.

Furthermore, the United States cannot be held liable for claims of negligent supervision of independent contractors where the FTCA's independent contractor exception otherwise shields the United States from liability. *See Washington v. United States Dept. of Housing and Urban Development,* 953 F. Supp. 762, 778 (N.D. Tex. 1996) ("Thus, the rule under the FTCA is that the United States is not liable for the negligence of a government contractor or for failure to exercise the proper supervision or control over its independent contractor."). Because the Court has determined that the United States cannot be held liable for the negligent acts, if any, of Bechtel for installation of the travel trailers, Plaintiff's claim for negligent supervision against the Government cannot succeed.

## III. CONCLUSION

Based upon the evidence before the Court, the United States is immune from suit for the allegations raised against it in Plaintiff's Fourth Amended Complaint, and this Court lacks jurisdiction over these claims. Plaintiff's claims against the Government must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [81] of Bechtel National, Inc., to Strike, filed on May 15, 2009, should be and is hereby **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated

---

work performed by Motex-Cytech, the Performance Work Statement, was not included in the submission.

more fully herein, the Motion [34] of Defendant United States of America, by and through its agency the Federal Emergency Management Agency, to Dismiss pursuant to Rule 12(b)(1), filed on October 16, 2008, should be and is hereby **GRANTED**, and the claims against this Defendant are hereby dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Supplemental Motion [84] of Defendant United States of America by and through its agency the Federal Emergency Management Agency, to Dismiss, filed on May 19, 2009, should be and is hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE